NOT DESIGNATED FOR PUBLICATION

No. 121,352

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA J. TROUT JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 30, 2020. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., BUSER and BRUNS, JJ.


PER CURIAM: In this case, Joshua J. Trout Jr. appeals the district court's refusal to modify his underlying sentence after revoking his probation. On appeal, Trout contends that the district court abused its discretion by requiring him to serve his underlying sentence. Specifically, he argues that the district court should have modified his underlying sentence to allow him to return to the community more quickly to continue working on his sobriety. Based on our review of the record on appeal, we find that the district court's decision not to modify Trout's sentence was reasonable. Thus, we conclude that the district court did not abuse its discretion and we affirm its decision.

1

FACTS

On March 16, 2017, Trout pleaded guilty in Sedgwick County to aggravated assault as part of a plea agreement. Two months later, the district court sentenced him to a prison term of 29 months. However, the district court granted Trout a downward dispositional departure to 24 months of probation.

Just five months later, on November 16, 2017, Trout pleaded no contest to two new assault charges. These new crimes constituted a violation of the terms of Trout's probation. As a result, the district court ordered that he serve a three-day—commonly called a "quick dip"—jail sanction. The district court also extended Trout's probation an additional 12 months.

A little over two months later, on January 31, 2018, Trout admitted that he had again violated the terms of his probation. This time he tested positive for methamphetamine. As a result, the district court ordered Trout to serve a 180-day prison sanction and required him to wear a monitoring bracelet. In addition, the district court noted that this was Trout's third chance at probation and warned him against further violations. Notwithstanding this warning, Trout continued to violate the terms of his probation.

On February 8, 2019, the State alleged that Trout had committed five additional probation violations. At his probation revocation hearing, the State presented evidence regarding Trout's participation in two vehicle burglaries as well as evidence relating to his submitting a diluted urine sample. After hearing the evidence presented at the hearing, the district court revoked Trout's probation and he does not challenge this decision on appeal. Rather, he only challenges the district court's denial of his request to modify his underlying sentence from 29 months to 24 months.

Trout requested that the district court reinstate his probation or, in the alternative, modify his underlying sentence. In doing so, Trout argued that he had completed most of his probation and that he had "maintained sobriety." After considering his arguments, the district court found that although Trout had indeed served much of his probation, it had "not been without problems." In particular, the district court pointed to Trout's prior probation violations—including the commission of new crimes—in concluding that neither reinstatement of probation nor modification of the underlying statements were "warranted in this case."

Thereafter, Trout timely filed a notice of appeal.

ANALYSIS

The sole issue on appeal is whether the district court abused its discretion by refusing to modify Trout's underlying sentence after revoking his probation. It is undisputed that upon revocation, a district court has the discretion to require the offender "to serve the sentence imposed, or any lesser sentence." K.S.A. 2018 Supp. 22-3716(c)(1)(C). As such, we review the district court's decision to deny Trout's motion for sentence modification under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018).

A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in this case Trout—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014). Here, Trout contends that "no reasonable person would take the view of the district court." We disagree.

3

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Based on the severity level of Trout's offense and his criminal history score, he faced a presumptive prison sentence in this case. See K.S.A. 2015 Supp. 21-6804. However, the district court showed leniency and granted him the opportunity to serve a term of probation instead of going to prison. Regrettably, Trout repeatedly failed to comply with the terms of his probation.

Based on our review of the record on appeal, we conclude that Trout has failed to show that the district court abused its discretion by denying his motion to modify his sentence. Despite being given repeated opportunities to succeed on probation, Trout was unable to do so. Significantly, the record reflects that the district court found Trout committed several new crimes. This finding is not challenged on appeal. Under these circumstances, we cannot say that the district court's decision to require Trout to serve his underlying sentence—without modification—was unreasonable.

In summary, we find the district court's decision to deny Trout's request for a modification of his sentence and to require him to serve his underlying sentence to be reasonable under the circumstances presented. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion, and we affirm its decision.

Affirmed.